**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ARTURO MERCADO, ET AL,** | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION** |
| | § | **NO. 3:15-CV-3481-D** |
| **VS.** | § | **(ECF)** |
| | § | |
| | § | |
| **DALLAS COUNTY, TEXAS and** | § | |
| **LUPE VALDEZ,** | § | |
| **Defendants.** | § | |

---

**MOTION TO DISMISS UNDER FED.R.CIV.P. 12(b)(6) AND**
**BRIEF IN SUPPORT OF DEFENDANTS DALLAS COUNTY, TEXAS AND**
**LUPE VALDEZ, SHERIFF OF DALLAS COUNTY, TEXAS**

---

**SUSAN HAWK**
**DALLAS COUNTY DISTRICT ATTORNEY**

**PETER L. HARLAN**
**ASSISTANT DISTRICT ATTORNEY**
**TEXAS BAR NO. 09011300**
**FEDERAL SECTION**
**FRANK CROWLEY COURTS BUILDING**
**133 N. RIVERFRONT BLVD., LB 19**
**DALLAS, TEXAS 75207-4399**
**(214) 653-3691 (Telephone)**
**(214) 653-2899 (Telecopier)**
**pharlan@dallascounty.org**

**ATTORNEYS FOR DEFENDANTS**
**DALLAS COUNTY, TEXAS AND**
**LUPE VALDEZ, SHERIFF OF**
**DALLAS COUNTY, TEXAS**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ............................................................................................... iii

BACKGROUND ................................................................................................................ 1

STANDARD OF REVIEW ................................................................................................ 4

ARGUMENT AND AUTHORITIES ................................................................................. 6

### ARGUMENT NO. 1

**THE PLAINTIFFS HAVE FAILED TO STATE A VIABLE CLAIM AGAINST THE DEFENDANTS FOR A VIOLATION OF THEIR SUBSTANTIVE DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS ARISING FROM THEIR PRETRIAL DETENTION IN THE DCJ.** ............................................................................ 6

### ARGUMENT NO. 2

**THE PLAINTIFFS HAVE FAILED TO STATE A VIABLE CLAIM AGAINST THE DEFENDANTS FOR A VIOLATION OF THEIR RIGHTS UNDER THE FOURTH AMENDMENT ARISING FROM THEIR PRETRIAL DETENTION IN THE DCJ.** ................................................................... 9

### ARGUMENT NO. 3

**THE PLAINTIFFS' CLAIMS AGAINST SHERIFF VALDEZ IN HER OFFICIAL CAPACITY SHOULD BE DISMISSED AS DUPLICATIVE OF THEIR CLAIMS AGAINST DALLAS COUNTY IN THIS SUIT.** ........................ 16

### ARGUMENT NO. 4

**THE PLAINTIFFS' CLAIMS FOR DAMAGES AGAINST SHERIFF VALDEZ IN HER INDIVIDUAL CAPACITY ARE BARRED BY THE DOCTRINE OF QUALIFIED IMMUNITY.** ............................................ 16

### ARGUMENT NO. 5

**THE PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF AGAINST THE DEFENDANTS ARE BARRED BY THE DOCTRINE OF MOOTNESS.** ............ 19

PRAYER ........................................................................................................................... 21

CERTIFICATE OF SERVICE ......................................................................................... 22

# INDEX OF AUTHORITIES

**Cases**

*Albright v. Oliver,*
   520 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) ..................................................... 7, 9, 10

*Amar v. Whitley,*
   100 F.3d 22 (5th Cir. 1996) ..................................................................................................... 19

*Arias v. Rogers,*
   676 F.2d 1139 (7th Cir. 1982) ................................................................................................... 3

*Ashcroft v. al-Kidd,*
   563 U.S. 731, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011) ........................................................ 17

*Ashcroft v. Iqbal,*
   556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ........................................................... 5

*Baker v. Putnal,*
   75 F.3d 190 (5th Cir. 1996) ..................................................................................................... 4

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ........................................................... 4

*Brittain v. Hansen,*
   451 F.3d 982 (9th Cir. 2006) ................................................................................................... 18

*Brosseau v. Haugen,*
   543 U.S. 194, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) ........................................................... 18

*Brown v. Subbuth,*
   675 F.3d 472 (5th Cir. 2012) ................................................................................................... 15

*Campbell v. City of San Antonio,*
   43 F.3d 973 (5th Cir. 1995) ..................................................................................................... 5

*Cervantez v. Whitfield,*
   776 F.2d 556 (5th Cir. 1985) ................................................................................................... 3

*Chavez v. City of Petaluma,*
   No. 14-CV-5038, 2015 WL6152479 (N.D. Cal. Oct. 20, 2015) ............................................. 14

*City of Los Angeles v. Lyons,*
   461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) ............................................................. 19

*Cnty. of Sacramento v. Lewis*,
   523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)............................................ 7, 8, 10

*Collins v. Harker Heights*,
   503 U.S. 115, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992)........................................................ 7

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000) ..................................................................................... 5

*Cook v. Reno*,
   74 F.3d 97 (5th Cir. 1996) ........................................................................................ 20

*Duckett v. City of Cedar Park*,
   950 F.2d 272 (5th Cir. 1992) .................................................................................... 14

*Fisher v. Dallas County*,
   2014 U.S. Dist. LEXIS 135925 (N.D. Tex. Sept. 26, 2014)...................................... 16

*Friends of the Earth v. Laidlaw Envtl. Servs. (TOC)*,
   528 U.S. 167, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000)............................................. 19

*Gardner v. Cal. Highway Patrol*,
   No. 2:14-CV-2730, 2015 WL4456191 (E.D. Cal July 20, 2015) ........................... 14

*Gerstein v. Pugh*,
   420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).......................................... 10, 12

*Giovanni v. Lynn*,
   48 F.2d 908 (5th Cir. 1995) ...................................................................................... 15

*Gonzalez v. Kay*,
   577 F.3d 600 (5th Cir. 2009) ...................................................................................... 5

*Harlow v. Fitzgerald*,
   457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)............................................ 17

*Herman v. Holiday*,
   238 F.3d 660 (5th Cir. 2001) .................................................................................... 20

*Kentucky v. Graham*,
   473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)............................................ 16

*Lawson v. City of Coatesville*,
   42 F.Supp.3d 664 (E.D. Pa. 2014) ............................................................................. 9

iv

*Leffall v. Dallas Indep. Sch. Dist.*,
  28 F.3d 521 (5th Cir. 1994) .................................................................... 6

*Malley v. Briggs*,
  475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) ........................... 17

*Mason v. Lafayette City-Parish Consol. Gov't*,
  2015 U.S. App. LEXIS 19598 (5th Cir. November 10, 2015) .................... 9

*Mays v. Sudderth*,
  97 F.3d 107 (5th Cir. 1996) ................................................................. 14

*McClendon v. City of Columbia*,
  305 F.3d 314 (5th Cir. 2002) ........................................................... 8, 17

*McCorvey v. Hill*,
  385 F.3d 846 (5th Cir. 2004) ............................................................... 20

*Monell v. Dept' of Soc. Serv. of N.Y.*,
  436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ............................ 16

*Morales v. Chadbourne*,
  793 F.3d 208 (1st Cir. 2015) ................................................................ 12

*Morgan v. Swanson*,
  659 F.3d 359 (5th Cir. 2011) ......................................................... 17, 18

*O'Shea v. Littleton*,
  414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) .............................. 19

*Palo ex. Rel Estate of Palo v. Dallas County*,
  2006 U.S. Dist. LEXIS 90665, 2006 WL 3702655 (N.D. Tex. Dec. 15, 2006) ...... 16

*Puccini v. United States*,
  No. 96-2402, 1996 WL556987 (N.D. Ill. Sept, 26, 1996) ...................... 14

*Rodriguez v. Aitken*,
  No. 13-0551, 2013 WL3337766 (N.D. Cal. July 2013)........................... 11

*Sonnier v. State Farm Mutual Auto Ins. Co.*,
  509 F.3d 353 (5th Cir. 2007) ................................................................. 8

*Spencer v. Kemma*,
  523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) ................................ 20

v

*Tejada-Mata v. INS*,
 626 F.2d 721 (9th Cir. 1980) ................................................................................. 12

*Tovar v. United States*,
 No. 3:98-CV-1662-D; 2000 WL425170 (N.D. Tex. April 18, 2000), *aff'd* 244 F.3d 135, 2000
 WL1901505 (5th Cir. 2000) ....................................................................... 11, 13

*United States Parole Comm'n v. Geraghty*,
 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) ......................................... 20

*United States v. Cantu*,
 519 F.2d 494 (7th Cir. 1975) ................................................................................. 3

*United States v. Varkonyi*,
 645 F.2d 453 (5th Cir. 1981) ............................................................................ 3, 12

*Vincent v. City of Sulphur Springs*,
 2015 U.S.App. LEXIS 18761 (5th Cir. Oct. 28, 2015) ....................................... 18

*Wyatt v. Fletcher*,
 718 F.3d 496 (5th Cir. 2013) ............................................................................... 17

## Statutes

42 U.S.C. §1983 ............................................................................................... 4, 6, 15

8 U.S.C. §1101 ......................................................................................................... 3

8 U.S.C. §1226 ......................................................................................................... 3

8 U.S.C. §1357 .................................................................................................... 3, 12

C.F.R. §287.3 .......................................................................................................... 3

C.F.R. §287.7 ..................................................................................................... 3, 15

## Rules

Fed.R.Civ.P. 12(b)(6)............................................................................................... 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ARTURO MERCADO, ET AL,** | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION** |
| | § | **NO. 3:15-CV-3481-D** |
| **VS.** | § | **(ECF)** |
| | § | |
| | § | |
| **DALLAS COUNTY, TEXAS and** | § | |
| **LUPE VALDEZ,** | § | |
| **Defendants.** | § | |

---

**MOTION TO DISMISS UNDER FED.R.CIV.P. 12(b)(6) AND**
**BRIEF IN SUPPORT OF DEFENDANTS DALLAS COUNTY, TEXAS AND**
**LUPE VALDEZ, SHERIFF OF DALLAS COUNTY, TEXAS**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the Defendants, Dallas County, Texas and Lupe Valdez, Sheriff of Dallas County, Texas, in her official and individual capacities, pursuant to Fed.R.Civ.P. 12(b)(6) and move the Court to dismiss the Plaintiffs' claims against them for failure to state a claim upon which relief may be granted in the above entitled and numbered suit. In support thereof the Defendants would show the Court as follows:

**I.**

**BACKGROUND**

On October 26, 2015 the Plaintiffs, Arturo Mercado, Pablo Carranza, Sergio Diaz, Jose Arturo Galvan Resendiz, Jose Gutierrez, Heydy Jarquin Jimenez, Jose Lopez-Aranda, Moises

Martinez, Javier Navarrete, Effren Perez Villegas, Miguel Rodriguez, Eleazar Saavedra, Andres

Torres-Cabrera, Moises Vega Costilla, Mario Garibaldi and Rodolfo Marmolejo, sometimes referred

to collectively as ("the Plaintiffs"), instituted this civil rights suit under 42 U.S.C. §1983 seeking

unspecified damages and injunctive relief arising from their pretrial detention in the Dallas County

Jail ("DCJ").  All of the Plaintiffs are former inmates of the DCJ who became the subject of federal

immigration detainers while they were in custody on state criminal charges.[1]

The Defendants are Dallas County, Texas, ("Dallas County"), and Lupe Valdez, Sheriff of

Dallas County, Texas, in both her official and individual capacities, ("Sheriff Valdez"), sometimes

referred to collectively as ("the Defendants").

On November 5, 2015, after service of process, the Defendants filed an unopposed motion to

extend the deadline within which they may file their answer or other pleading to Plaintiffs'

Complaint including but not limited to a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to

state a claim upon which relief may be granted.  (Doc. 5)

The Court subsequently granted this motion and extended the deadline within which the

Defendants could file their answer or other pleading until December 21, 2015.  (Doc. 6)

Generally the Plaintiffs allege that following their arrest and pretrial detention in the DCJ in

2014 and 2015 in connection with state criminal charges, each of them was the subject of a federal

immigration detainer issued by the U.S. Immigrations and Customs Enforcement ("ICE").  As a

direct result of these immigration detainers, the Plaintiffs claim that they were improperly detained in

the DCJ by the Defendants in violation of their constitutional rights.  (Doc. 1 at 3-5).

---

[1] None of the Plaintiffs are currently confined as inmates of the DCJ or the subject of federal immigration detainers issued by ICE.  (See Doc. 1 at page 3).

*Motion to Dismiss and Brief in Support – Page 2 of 22*

ICE issues an immigration detainer when it has reason to believe that a person held in the DCJ is an alien subject to removal from the United States.  An immigration detainer serves several functions including notification to the custodial facility that ICE intends to arrest or remove the person once he is no longer subject to criminal detention and also to request that the facility inform ICE of the person's pending release.  See C.F.R. §287.7; see also 8 U.S.C. §§1226, 1357 and 1101. In addition, the detainer operates as a legally-authorized request by ICE that the facility continue to maintain custody of the person for a period of up to (48) hours (excluding weekends and holidays) after he would otherwise be released, so that ICE may assume physical custody of the person.  *See id*.

ICE must have "reason to believe" that a person is an alien subject to removal from the United States before issuing an immigration detainer.  See 8 U.S.C. §1357; *United States v. Varkonyi*, 645 F.2d 453, 458 (5th Cir. 1981).  The "reason to believe" standard is akin to the standard of probable cause used in the criminal context.  *See United States v. Cantu* 519 F.2d 494, 496 (7th Cir. 1975); *see also Cervantez v. Whitfield*, 776 F.2d 556, 560 (5th Cir. 1985).  Once a person enters ICE custody under an immigration detainer, he is advised of his rights and brought before an examining officer for a determination of whether there is prima facie evidence that the person is indeed present in the United States in violation of immigration laws.  See C.F.R. §287.3.  The procedure is analogous to the process in criminal cases of bringing an individual arrested on probable cause before a magistrate.  *See Arias v. Rogers*, 676 F.2d 1139, 1143 (7th Cir. 1982).

In this case Plaintiffs claim that the immigration detainers issued by ICE caused their improper detention in the DCJ by the Defendants in two (2) different ways.  First, the Plaintiffs allege that the Defendants did not "allow bond" for their release on the state criminal charges because of the existence of the immigration detainers.  Second, the Plaintiffs claim that the

*Motion to Dismiss and Brief in Support – Page 3 of 22*

Defendants continued to detain them under the immigration detainers for a period of up to forty-eight (48) hours once they were otherwise eligible for release in order to facilitate their transfer to ICE. (Doc. 1 at page 12).   Plaintiffs further allege that the Defendants practice of honoring the immigration detainers issued by ICE was "independently wrongful" because the continued period of detention was not authorized by state law.  (Doc. 1 at pages 13-14).

Based on these allegations, the Plaintiffs' claim that Dallas County and Sheriff Valdez violated their rights guaranteed under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and  42 U.S.C. §1983 arising from their pretrial detention in the DCJ.

For the following reasons, the Defendants assert that the Plaintiffs have failed to state a legally plausible claim against them under 42 U.S.C. §1983 upon which relief may be granted by the Court.  Accordingly the Defendants assert that they are entitled to the dismissal of the Plaintiffs' claims against them under Fed.R.Civ.P. 12(b)(6) as a matter of law.

## II.

### STANDARD OF REVIEW

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief may be granted.  Fed.R.Civ.P. 12(b)(6).  The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In deciding a Rule 12(b)(6) motion, factual allegations must be enough to raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The Supreme Court recently expounded upon the *Twombly* standard, explaining that to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. It follows, that where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief. *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court considers the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief. *Id*. This evaluation will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

In order to overcome a Rule 12(b)(6) motion a plaintiff's complaint should "contain direct allegations on every material point necessary to sustain recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint must be pled with a certain level of factual specificity and the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The standard set forth in Rule 8 of the Fed.R.Civ.P. "demands more than an unadorned, the defendant unlawfully harmed me accusation." *Id*; *Iqbal*, 173 L.Ed.2d 868.

*Motion to Dismiss and Brief in Support – Page 5 of 22*

A complaint therefore is not sufficient if it merely contains "naked assertions" devoid of factual enhancement. *Id.* The tenet that a court must accept as true all allegations in a complaint as true when ruling on a Rule 12(b)(6) motion is inapplicable to legal conclusions.

## III.

## ARGUMENT AND AUTHORITIES

### ARGUMENT NO. 1

**THE PLAINTIFFS HAVE FAILED TO STATE A VIABLE CLAIM AGAINST THE DEFENDANTS FOR A VIOLATION OF THEIR SUBSTANTIVE DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS ARISING FROM THEIR PRETRIAL DETENTION IN THE DCJ.**

42 U.S.C. §1983 allows for private civil actions to be brought against state actors and allows for relief from constitutional deprivations caused by a defendant acting under the authority of the State. 42 U.S.C. §1983 in relevant part, reads as follows:

> Any person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or the proper proceeding to redress. . . .

42 U.S.C. §1983.

To state a claim under §1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994).

In analyzing claims brought under the Constitution, where a particular Amendment provides

an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims. *Albright v. Oliver*, 510 U.S. 266, 273, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). This conclusion is consistent with the Supreme Court's reluctance "to expand the concept of substantive due process." *Collins v. Harker Heights*, 503 U.S. 115, 125, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 843-44, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

As relevant here, the Fourteenth Amendment establishes that no State shall… deprive any person of life, liberty, or property, without due process of law. U.S. Const. amend. XIV §1. This provision is more than a guarantee of procedural fairness and covers a substantive sphere as well, barring certain government actions regardless of the fairness of the procedures used to implement them. *Lewis*, 523 U.S. at 840.

The "core of the concept" of due process is individual "protection against arbitrary action." *Lewis*, 523 U.S. at 845. The Due Process clause was intended to prevent government officials from abusing their power or employing it as an instrument of oppression. *Id*. at 846. In deciding whether such a violation has been effected, the Supreme Court has emphasized that "only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Id*.

To support a finding of a due process violation, a government actor's abuse of power must "shock the conscience" to the point where it "violates the decencies of civilized conduct." *Id*. To meet the "conscience shocking" standard – and hence to impose liability for a due process violation – it is not enough that "someone cloaked with state authority causes harm." *Id*. at 848. Due process does not "purport to supplant traditional tort law in laying down rules of conduct to regulate liability

for injuries that attend living together in society," nor does it guarantee due care on the part of state officials." *Id*. Even "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Id*. Thus, "in order to state a viable substantive due process claim the plaintiff must demonstrate that the state official acted with culpability beyond mere negligence." *McClendon v. City of Columbia*, 305 F.3d 314, 325 (5th Cir. 2002).

The Plaintiffs specifically cite the due process clauses of the Fifth and the Fourteenth Amendments to support their claims against the Defendants arising from their pretrial detention in the DCJ. (See Doc. 1 at page 10). Plaintiffs allege that their pretrial detention violated their substantive due process rights in this suit. *Id*.

In analyzing substantive due process claims under the Fifth and Fourteenth Amendments, the Court must determine whether Plaintiffs' allegations rise to the level of arbitrary and egregious conduct on the part of the Defendants. As previously noted in conducting this examination, the Court is required to accept all well pled facts as true. *Sonnier v. State Farm Mutual Auto Ins. Co*., 509 F.3d 353 (5th Cir. 2007). Even with that assumption accepted, however, the Plaintiffs have failed to state a claim upon which relief can be granted based on substantive due process.

To state a viable substantive due process claim, the Plaintiffs must allege conduct by the Defendants which "shocks the conscience" to the point where it "violates the decencies of civilized conduct." *Lewis*, 523 U.S. at 845. Here the Plaintiffs have alleged no facts to show that Dallas County or Sheriff Valdez intended to harm them by honoring the ICE detainers and holding them in the DCJ for a period not exceeding (48) hours in order to allow ICE to take custody of them. Government action taken as a result of reasonable though possible erroneous legal interpretation of the law does not rise to the level of egregious or "conscience shocking" conduct. *Lewis, 523 U.S. at*

*848.*

Moreover, because the Plaintiffs have also invoked the Fourth Amendment which provides an explicit textual source of constitutional protection against unreasonable seizures by governmental officials, that Amendment and not the more generalized notion of substantive due process must be the exclusive guide for analyzing these claims. *Albright v. Oliver*, 510 U.S. 266, 273 (1994); *see also Mason v. Lafayette City-Parish Consol. Gov't*, 2015 U.S. App. LEXIS 19598 at *14 (5th Cir. November 10, 2015) ("while substantive due process applies to some police conduct, the Supreme Court has refused to look beyond the Fourth Amendment when the police 'seize' a suspect"). In this case, because the Plaintiffs' periods of allegedly improper pretrial detention were "seizures" covered by the "specific protections of the Fourth Amendment" there is no basis for a separate claim under the rubric of substantive due process. *Lawson v. City of Coatesville*, 42 F.Supp.3d 664, 675-76 (E.D. Pa. 2014) (rejecting the application of substantive due process in a claim for allegedly improper period of detention).

For these reasons the Plaintiffs' claims against the Defendants for a violation of their substantive due process rights under the Fifth and Fourteenth Amendments arising from their pretrial detention in the DCJ must be dismissed as a matter of law.

## <u>ARGUMENT NO. 2</u>

**THE PLAINTIFFS HAVE FAILED TO STATE A VIABLE CLAIM AGAINST THE DEFENDANTS FOR A VIOLATION OF THEIR RIGHTS UNDER THE FOURTH AMENDMENT ARISING FROM THEIR PRETRIAL DETENTION IN THE DCJ.**

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons … against unreasonable … seizures, shall not be violated[.]" U.S. Const. amend. IV. Pretrial

detention constitutes a "seizure" within the meaning of the Fourth Amendment.  *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 844, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) ("[A] Fourth Amendment seizure [occurs] . . . when there is a governmental termination of freedom of movement through means intentionally applied.") (internal quotation marks and emphasis omitted); *see also Albright v. Oliver*, 510 U.S. 266, 274, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (plurality opinion) ("The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it.").

With regard to pretrial confinement, "[t]he sole issue [under the Fourth Amendment] is whether there is probable cause for detaining the arrested person pending further proceedings." *Gerstein v. Pugh*, 420 U.S. 103, 120, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).  Prolonged pretrial detention without probable cause constitutes a cognizable deprivation of liberty under the Fourth Amendment.

## 1.      *Failure to Allow Bond*

Plaintiffs conclusorily allege that the Defendants did not "allow bond" for each of them as a direct result of the immigration detainers issued by ICE in violation of their rights guaranteed under the Fourth Amendment.  (See Doc. 1 at pages 10, 16).  Plaintiffs fail, however, to identify any facts or legal authority to establish that Dallas County or Sheriff Valdez had the authority to set or allow them to post bonds in connection with the state criminal charges pending against them.  The Court may take judicial notice that only the presiding judge in these cases had judicial authority to set bonds in connection with the state criminal charges pending against the Plaintiffs. Tex.Code.Crim.Proc. art. 17.03.

Moreover, for all but three of the Plaintiffs named in the complaint, the Plaintiffs admit that a

bond was set in amounts ranging from $2,500 to $10,000.  (See Doc. 1 at pages 10, 16).  Finally the

Plaintiffs fail to allege that any one of them actually tendered bond in the requisite amount in order to

become eligible for release on bond.  (See Doc. 1 at page 16).  In the absence of specific allegations

that the Plaintiffs actually posted bonds, they did not have a right to be released regardless of the

existence of an immigration detainer.  *See Tovar v. United States*, No. 3:98-CV-1662-D; 2000

WL425170 at *6 (N.D. Tex. April 18, 2000) (explaining that an immigration detainer does not

deprive a prisoner of freedom during the time the prisoner has not posted bail, even if the prisoner is

told by detention authorities that she will continue to be held in custody pursuant to the immigration

detainer if bail is posted) *aff'd* 244 F.3d 135, 2000 WL1901505 at*1 (5th Cir. 2000); *see also*

*Rodriguez v. Aitken*, No. 13-0551, 2013 WL3337766 at *2 (N.D. Cal. July 2013) (dismissing a civil

rights claim against a sheriff for holding the Plaintiff for approximately fifty (50) hours while subject

to an immigration detainer, where the Plaintiff was not otherwise entitled to be released under the

terms of the court order in his criminal case).

      Therefore there is no factual or legal basis to support the Plaintiffs' claims that their Fourth

Amendment rights were violated by the Defendants based upon the purported practice of "refusing to

allow bond" arising from the immigration detainers lodged by ICE.

**2.**     *Detention Under the ICE Detainers*

      The Plaintiffs' Complaint does identify three plaintiffs who were kept in custody for brief

periods of time (one to two days) based on the existence of an immigration detainer after these

plaintiffs otherwise would have been entitled to be released due to developments in their criminal

cases.  (Doc. 1 page 17).  Plaintiffs' allege that Miguel Rodriguez was kept in custody until March

22, 2015 after his criminal case "was disposed of" on March 20, 2015; that Mario Garibaldi was kept

in custody until August 21, 2014 after the State filed a motion to dispose of his criminal case on August 20, 2015; and that Rodolfo Marmolejo was kept in custody until October 20, 2015 after paying an outstanding fine on October 19, 2015.  (Doc. 1, page 17).  But even accepting as true that these plaintiffs' detention in the DCJ was briefly prolonged due to the existence of immigration detainers, no constitutional violation is stated—with respect to these plaintiffs or any of the others— for several reasons.

First, as the Plaintiffs recognize, (Doc. 1, page 27), the touchstone of the Fourth Amendment analysis is whether probable cause exists to support a detention.  Here there is no allegation that probable cause was lacking to support the immigration detainers.  *See Gerstein v. Pugh*, 420 U.S. 103, 120, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) (explaining with respect to pretrial confinement that "the sole issue [under the Fourth Amendment] is whether there is probable cause for detaining the arrested person pending further proceedings").   In the context of immigration detainers, the requirement that there be "reason to believe" a person is in the United States in violation of immigration laws is equivalent to the constitutional requirement of probable cause.  *See* 8 U.S.C. §1357; *Varkonyi*, 645 F.2d at 458; *Tejada-Mata v. INS*, 626 F.2d 721, 725 (9th Cir. 1980).  Thus, if an immigration detainer is unsupported by "reason to believe" or probable cause that the person is subject to deportation, there may be a basis for Fourth Amendment liability against one who causes the wrongful detention.  *See Morales v. Chadbourne*, 793 F.3d 208 (1st Cir. 2015) (recognizing the possibility of personal liability against an ICE official for issuing an immigration detainer in the absence of probable cause).

In this case, however, the Plaintiffs have not pleaded any facts to support a conclusion that probable cause was lacking to support any of their immigration detainers.  (See Doc. 1).  No Plaintiff

alleges, for example, that ICE did not have reason to believe that the Plaintiff was not, in fact, in the United States in violation of the immigration laws and subject to removal.  Instead, the most the Plaintiffs say is that probable cause did not exist for Dallas County to believe that the Plaintiffs had committed some "different criminal offense" unrelated to the issue of whether the Plaintiffs were detainable as aliens subject to removal.  (See Doc. 1, page 8) (emphasis added).  But that is beside the point.  The unchallenged existence of probable cause to support removability under the immigration laws was all that was required to support the Plaintiffs' immigration detainers.  *See Tovar*, 2000 WL 1901505 at *1 (explaining that detention of the plaintiff was lawful because INS had probable cause to believe the plaintiff was deportable).  Put another way, the United States Constitution does not require that an immigration detainer be supported by both:  (a) probable cause that the person is an alien subject to removal under the immigration laws; and (b) probable cause that the person has committed and is subject to arrest for some unrelated criminal offense.  *See id*.  Only the former is required.  Therefore, because the Plaintiffs make no well-pleaded allegation that they were detained under immigration detainers for which probable cause was lacking (e.g., because the information available to ICE did not in fact indicate that the Plaintiffs were aliens subject to removal), no claim is stated as a matter of law.[2]

Secondly, even if there was some allegation that the immigration detainers were issued by ICE in the absence of probable cause (which there is not), still no claim would be stated against the Defendants because there is no allegation that the immigration detainers were facially invalid.  It is

---

[2] A comparison to the allegations in the *Morales* case is instructive.  There, the plaintiff alleged that she was a United States citizen and that ICE had failed to access its own information which would have shown her to be a citizen before issuing the detainer against her, so at the very least there was a dispute over whether probable cause had existed for the detainer.  *See Morales*, 793 F.3d at 218-19.  No similar allegations challenging the existence of probable cause for an immigration detainer are made by the plaintiffs here.

well established that when a law enforcement official detains a person on the basis of some form of legal process authorizing the detention, the official's actions do not violate the Fourth Amendment so long as the process relied upon is facially valid.  This principle is most commonly encountered in the context of warrants or court orders.  *See Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996) (explaining that s sheriff cannot be held liable for an allegedly wrongful arrest and detention if carried out pursuant to a facially valid court order); *Duckett v. City of Cedar Park*, 950 F.2d 272, 280 (5th Cir. 1992) (finding that the existence of a facially valid warrant provided sufficient probable cause for the plaintiff's arrest and shielded the arresting officer from liability, even though it was later determined that the warrant was withdrawn).  This principle operates when other forms of legal process authorize the detention, including detainers or holds issued by non-judicial entities.  *See Chavez v. City of Petaluma*, No. 14-CV-5038, 2015 WL6152479, at *6, 11 (N.D. Cal. Oct. 20, 2015) (dismissing a claim for allegedly improper detention where the plaintiff failed to allege that the parole hold/detainer lodged against her in county jail (by a "parole agent") was not facially valid, and explaining that the plaintiff has "not asserted any allegations to show [the sheriff] was not acting pursuant to a facially valid detainer"); *Puccini v. United States*, No. 96-2402, 1996 WL556987, at *1 (N.D. Ill. Sept, 26, 1996) (dismissing claims against state defendants who held the plaintiff in state custody while subject to a federal detainer, and explaining that the state defendants were "entitled to rely upon a duly issued and outstanding federal detainer"); *Gardner v. Cal. Highway Patrol*, No. 2:14-CV-2730, 2015 WL4456191, at *16 (E.D. Cal July 20, 2015) (explaining that a county could reasonably rely on a facially valid probable cause declaration from a highway patrol officer to detain the plaintiff in jail).

Here, as in *Chavez*, *Puccini*, and *Gardner*, there is no allegation that any of the immigration

detainers received by Sheriff Valdez from ICE were facially invalid. This form of legal process—an immigration detainer—is authorized by federal law. *See* 8 C.F.R. §287.7. Thus, absent any allegation that the detainers were facially invalid, such that it would have been obvious to Sheriff Valdez that the detainers could not be relied on by her, the Plaintiffs' Fourth Amendment claim against her must fail.

Third, although the Plaintiffs briefly allege that Texas state law does not authorize Dallas County to arrest or detain a person on the basis of a federal immigration detainer, that allegation does not give rise to any viable cause of action in his suit. (See Doc. 1, page 13 (asserting that a Texas statute and the Texas Constitution do not authorize detention on the basis of an ICE detainer). ) The Defendants do not agree that the state law of Texas operates in the manner the Plaintiffs suggest.[3] However, even accepting the Plaintiffs' allegations about Texas law as true, no claim is stated because the alleged violations of state law do not constitute a deprivation of federal rights actionable under 42 U.S.C. §1983. *Brown v. Subbuth*, 675 F.3d 472, 478 (5th Cir. 2012); *Giovanni v. Lynn*, 48 F.2d 908, 912-13 (5th Cir. 1995).

For these reasons the Defendants assert that the Plaintiffs have failed to state a plausible claim for relief against them for a violation of their rights under the Fourth Amendment arising from their pretrial detention in the DCJ as a matter of law.

---

[3] The Governor of Texas apparently shares the belief that nothing in Texas state law prohibits a county sheriff from honoring a federal immigration detainer, as just recently the Governor publicly urged the Dallas County Sheriff to continue honoring all such detainers. *See* Letter from Hon. Greg Abbott to Hon. Lupe Valdez (Oct. 26, 2015), *available at* http://gov.texas.gov/files/press-office/DalalsCounty_FederalImmigrationDetainer_10262015.pdf.

*Motion to Dismiss and Brief in Support – Page 15 of 22*

## ARGUMENT NO. 3

**THE PLAINTIFFS' CLAIMS AGAINST SHERIFF VALDEZ IN HER OFFICIAL CAPACITY SHOULD BE DISMISSED AS DUPLICATIVE OF THEIR CLAIMS AGAINST DALLAS COUNTY IN THIS SUIT.**

It is clearly established that a suit against a governmental official in his or her official capacity is "only another way of pleading an action against an entity of which [the official] is an agent." *Monell v. Dept' of Soc. Serv. of N.Y.*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "As long as the government entity receives notice and an opportunity to respond, an official capacity suit … is treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). The Defendants assert that Plaintiffs' official capacity claims against Sheriff Valdez are duplicative of their claims against Dallas County and therefore should be dismissed with prejudice. *See*, *e.g. Palo ex. Rel Estate of Palo v. Dallas County*, 2006 U.S. Dist. LEXIS 90665, 2006 WL 3702655, at *8 (N.D. Tex. Dec. 15, 2006) (Fitzwater, J.) (dismissing §1983 claims against the sheriff sued in his official capacity a duplicative of claims against county). *See also Fisher v. Dallas County*, 2014 U.S. Dist. LEXIS 135925 at *7 (N.D. Tex. Sept. 26, 2014) (Fitzwater, J.).

Accordingly, Plaintiffs' official capacity claims against Sheriff Valdez under 42 U.S.C. §1983 in this suit should be dismissed as duplicative of their claims against Dallas County as a matter of law.

## ARGUMENT NO. 4

**THE PLAINTIFFS' CLAIMS FOR DAMAGES AGAINST SHERIFF VALDEZ IN HER INDIVIDUAL CAPACITY ARE BARRED BY THE DOCTRINE OF QUALIFIED IMMUNITY.**

The Plaintiffs have the burden of demonstrating that Sheriff Valdez is not entitled to qualified

immunity in this suit. *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). Qualified immunity protects "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). This demands a two-step analysis: whether a constitutional right was violated and whether the allegedly violated right was "clearly established." *McClendon v. City of Columbia*, 305 F.3d 314, 322-23 (5th Cir. 2002) (en banc) (per curiam). The court has discretion to perform either prong of this analysis first.

To defeat qualified immunity, the Plaintiffs must show that Sheriff Valdez' conduct was objectively unreasonable in light of a clearly established rule of law. *See id*. at 323. This is a demanding standard: because qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). The Courts will not deny its protection unless existing precedent places the constitutional question "beyond debate," *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S.Ct. 2074, 2083, 179 L.Ed.2d 1149 (2011) ). The court must "ask whether the law so clearly and unambiguously prohibited [the official's] conduct that every reasonable official would understand that what he is doing violates [the law]." *Id*. (*citing al-Kidd*, 131 S.Ct. at 2083) (second alteration in original).

Although a case directly on point is not necessary, there must be adequate authority at a sufficiently high level of specificity to put a reasonable official on notice that his conduct is definitively unlawful. *See id*. at 372. Abstract or general statements of legal principle untethered to analogous or near-analogous facts are not sufficient to establish a right "clearly" in a given context;

rather, the inquiry must focus on whether a right is clearly established as to the specific facts of the case. *See Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004).

Here the Plaintiffs have failed to plead sufficient facts in their Complaint to establish that Sheriff Valdez, in her individual capacity, is not entitled to qualified immunity from suit. For the reasons more particularly delineated above, the Plaintiffs have failed to show that Sheriff Valdez violated their constitutional rights under the Fourth, Fifth or Fourteenth Amendments arising from their pretrial detention in the DCJ.

Moreover, the Plaintiffs have also failed to allege sufficient facts in their Complaint to establish that the conduct of Sheriff Valdez was objectively unreasonable in light of a clearly established rule of law. Governmental action taken as a result of reasonable though possible erroneous legal interpretation does not constitute objectively unreasonable conduct so as to defeat a claim of qualified immunity by a governmental official. *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006).

Evening assuming arguendo that Sheriff Valdez' compliance with facially valid ICE detainers issued for the Plaintiffs violated their constitutional rights, which is denied, the law was not so clearly and unambiguously established that every reasonable official would understand that detaining the Plaintiffs under these alleged circumstances violated the law. *Morgan v. Swanson*, 659 F.3d at 371; *see also Vincent v. City of Sulphur Springs*, 2015 U.S.App. LEXIS 18761 (5th Cir. Oct. 28, 2015).

Accordingly, the Plaintiffs' claims against Sheriff Valdez in her individual capacity for damages under 42 U.S.C. §1983 are barred by the doctrine of qualified immunity.

## ARGUMENT NO. 5

**THE PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF AGAINST THE DEFENDANTS ARE BARRED BY THE DOCTRINE OF MOOTNESS.**

The Plaintiffs seek prospective injunctive relief against the Defendants under 42 U.S.C. §1983 to enjoin their detention in the DCJ based on ICE detainers on unspecified future occasions. (Doc. 1 at page 12). Plaintiffs concede, however, that none of them are currently confined in the DCJ or presently subject to an ICE detainer. (See Doc. 1 at page 2). The Defendants contend that Plaintiffs' claims for prospective injunctive relief against them are barred by the doctrine of mootness.

The United States Constitution, Article III, section 2, requires the existence of a case or controversy to support a federal court's jurisdiction. *Amar v. Whitley*, 100 F.3d 22, 23 (5th Cir. 1996). To satisfy the "case or controversy" requirement of Article III, a "plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (internal quotation marks and citations omitted). "Past exposure to illegal conduct does not itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

The case or controversy doctrine informs the legal doctrines of both standing and mootness. *See Friends of the Earth v. Laidlaw Envtl. Servs. (TOC)*, 528 U.S. 167, 180, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). Standing raises the issue of "whether the plaintiff is entitled to have the court

decide the merits of the dispute or of particular issues.  Standing is a jurisdictional requirement that focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated." *Cook v. Reno*, 74 F.3d 97, 98-99 (5th Cir. 1996) (internal citations and footnotes omitted).  Mootness is "the doctrine of standing set in a time frame:  The requisite personal interest that must exist at the commencement of litigation (standing) and must continue throughout its existence (mootness)." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980).  The mootness doctrine "ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit . . . including the pendency of the appeal." *McCorvey v. Hill*, 385 F.3d 846, 848 (5th Cir. 2004).

Courts therefore hold, for example, that when a prisoner challenges a condition of his confinement after he is released from custody, his claim for injunctive and/or declaratory relief is moot unless he can point to a concrete and continuing injury.  *See e.g. Spencer v. Kemma*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) ("Once the convicts' sentence has expired some concrete and continuing injury must exist if the suit is to be maintained."), *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that request for injunctive relief is moot when inmate leaves the complained of facility).

Here the Plaintiffs have failed to allege any concrete or continuing injury resulting from their past detention in the DCJ based on the ICE detainers.

Even assuming arguendo the Plaintiffs could establish their entitlement to damages from the Defendants arising from their pretrial detention in this case, which is denied, their request for prospective injunctive relief is moot in light of their admission that they are no longer subject to the ICE detainers and have been released from the DCJ.

*Motion to Dismiss and Brief in Support – Page 20 of 22*

## IV.

## <u>PRAYER</u>

WHEREFORE PREMISES CONSIDERED, the Defendants Dallas County, Texas and Lupe Valdez, in her official and individual capacities, pray that the Court will grant this motion and dismiss the Plaintiffs' claims against them with prejudice, that the Plaintiffs take nothing from them by this suit, that prospective injunctive relief against them be denied in all respects, that they recover their costs, including reasonable attorney's fees from the Plaintiffs, and any other relief to which they may be justly entitled under the law.

Respectfully submitted,

SUSAN HAWK
DALLAS COUNTY DISTRICT ATTORNEY

/s/ Peter L. Harlan_____
PETER L. HARLAN
ASSISTANT DISTRICT ATTORNEY
TEXAS BAR NO. 09011300
FEDERAL SECTION
FRANK CROWLEY COURTS BUILDING
133 N. RIVERFRONT BLVD., LB 19
DALLAS, TEXAS 75207-4399
(214) 653-3691 (Telephone)
(214) 653-2899 (Telecopier)
pharlan@dallascounty.org

ATTORNEYS FOR DEFENDANTS
DALLAS COUNTY, TEXAS AND
LUPE VALDEZ, SHERIFF OF
DALLAS COUNTY, TEXAS

**V.**

**CERTIFICATE OF SERVICE**

I certify that on December 18, 2015 I electronically transmitted the attached document to the

Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of

Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Anthony Garza
Charhon Callahan Robson & Garza PLLC
3333 Lee Parkway, Ste. 460
Dallas, TX  75219
agarza@ccrglaw.com

Eric Puente
Raymond M. Hindeah
Puente & Hindeah PLLC
3300 Oaklawn Ave., Suite 401
Dallas, TX  75219

/s/Peter L. Harlan_____
PETER L. HARLAN