IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTURO MERCADO ET AL., | § | |
|     PLAINTIFFS, | § | |
| | § | |
| V. | § | CASE NO. 3:15-CV-3481-S-BK |
| | § | |
| DALLAS COUNTY, TEXAS, | § | |
|     DEFENDANT, | § | |
| AND | § | |
| | § | |
| TEXAS, | § | |
|     INTERVENOR-DEFENDANT. | § | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the District Judge's *Order of Referral*, Doc. 197, this case was referred to the United States magistrate judge for pretrial management. Defendants have filed a *Joint Motion to Dismiss the Pro Se Plaintiffs*. Doc. 271. Specifically, Defendants seek dismissal with prejudice of the claims of 18 Plaintiffs: Carlos Alvarez Castro; Juan Camacho; Pablo Carranza; Maria Castillo; Jeremias Chevez; Miguel Flores; Abel Hernandez; Jacinto Hernandez; Jose Lopez-Aranda; Jesus Lopez; Epifanio Uribe Ortiz; Gonzalo Ramirez Vasquez; Abraham Santana; Jose Valenciano; Jesus Padilla; Sergio Diaz; Jose Delcid Bonilla; and Mario Garibaldi (collectively, "the *Pro Se* Plaintiffs"). Doc. 271 at 2. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, Defendants' motion should be **GRANTED**.

**A.     Background**

This case is a consolidated civil rights lawsuit brought by 45 plaintiffs seeking unspecified damages arising from their pretrial detention in the Dallas County Jail (the "Jail). Doc. 80 (*Second Amended Complaint*).  Generally, Plaintiffs alleged that following their state court criminal arrests and pretrial detentions in the Jail, each of them was the subject of a federal immigration detainer issued by United States Immigration and Customs Enforcement.  Doc. 80 at 1.  Plaintiffs claimed that they were improperly detained in the Jail in violation of their Fourth Amendment rights and some alleged that they were denied their right to pretrial release on bond. Doc. 80 at 43.

Since the *Second Amended Complaint* was filed, 26 Plaintiffs have voluntarily dismissed their claims with prejudice.  Docs. 220-35; Docs. 238-42; Docs. 253-57.  Additionally, Plaintiffs' counsel was permitted to withdraw from representation of the 18 *Pro Se* Plaintiffs because counsel had lost contact with each of them and was unable to reach them despite multiple attempts.  *See, e.g.*, Doc. 98-1 at 2-3 (Decl. of Anthony M. Garza); Doc. 261-1 at 2-3 (Decl. of Anthony M. Garza).  On December 4, 2018, the Court entered an Agreed Final Judgment as to the claims of the only other remaining plaintiff, Ricardo Garza.  Doc. 166.  Defendants now move to dismiss with prejudice the claims of the 18 *Pro Se* Plaintiffs due to their failure to prosecute this case, including not responding to discovery requests, meet and confer letters, and a motion for summary judgment.  Doc. 273 at 8-11.  The *Pro Se* Plaintiffs each have failed to respond to the motion to dismiss.

**B.    Applicable Law**

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action with prejudice for, *inter alia*, failure to prosecute or comply with the rules of civil procedure. This authority is based on the "courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962). A Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff, and the court finds that lesser sanctions would not suffice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Generally, the court also must find one or more of the following aggravating factors: (1) delay attributable to the plaintiff, not to his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional misconduct. *Id.*

**C.    Parties' Arguments and Analysis**

In this case, the *Pro Se* Plaintiffs have evidenced a clear record of contumacious conduct and purposeful delay. As Defendants thoroughly explain in their motion, the *Pro Se* Plaintiffs have failed to (1) maintain contact with their attorneys, Doc. 98; Doc. 108; Doc. 160; Doc. 186; Doc. 261; (2) respond to discovery requests, Doc. 272 at 8-9 (Decl. of Courtney Corbello); (3) attend the Court's status conference and a discovery hearing, Doc. 107; Doc. 110; Doc. 126; (4) respond to Defendants' *Joint First Motion for Summary Judgment*, Doc. 173; (5) keep the Court apprised of their current addresses as demonstrated by the numerous entries on the court's docket indicating that mail was returned as undeliverable; and (6) respond to Defendants' notice of intent to file the instant motion to dismiss, Doc. 272 at 9 (Decl. of Courtney Corbello). Doc. 273 at 11-15. Moreover, according to Immigration and Customs Enforcement, at least 14 of the 18 *Pro Se* Plaintiffs are no longer in the country. Doc. 134-9 at 3-4.

This case has been pending for well over three years, and the *Pro Se* Plaintiffs have ignored this lawsuit, their own attorneys, defense counsels' requests, and the Court's directives. Since these Plaintiffs are proceeding *pro se*, the delay caused by their refusal is attributable to them alone. *See Berry*, 975 F.2d at 1191. Considering the *Pro Se* Plaintiffs' intentional failure to participate in this matter and apparent lack of interest in their own case, the Court finds that no lesser sanction than dismissal with prejudice will prompt diligent prosecution of this action. *Id.* Accordingly, the *Pro Se* Plaintiffs' claims should be dismissed with prejudice under Rule 41(b).

## D.     Conclusion

For the foregoing reasons, Defendants' *Joint Motion to Dismiss the Pro Se Plaintiffs*. Doc. 271 should be **GRANTED**, all claims of each of the *Pro Se* Plaintiffs should be **DISMISSED WITH PREJUDICE**, the Clerk of the Court should be directed to close this case.

**SO RECOMMENDED** on December 13, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).